**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO MAYEN, | No. 19-55996 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00050-JLS-MDD |
| v. | |
| NEW PENN FINANCIAL, LLC, DBA Shellpoint Mortgage Servicing, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted February 21, 2024**

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Julio Mayen appeals pro se from the district court's judgment dismissing his

action alleging claims under the Fair Debt Collection Practices Act ("FDCPA")

and state law.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion the district court's application of judicial estoppel.  *Ah Quin v.*

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*County of Kaui Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013).  We affirm.

The district court did not err in dismissing Mayen's action on the basis of judicial estoppel because Mayen was aware of, but failed to disclose, the existence of his claims in his bankruptcy proceedings.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783-84 (9th Cir. 2001) (explaining that "a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements" and the bankruptcy court need not actually discharge the debts for judicial estoppel to apply).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-55996

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending requests are denied.

**AFFIRMED.**